United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Joey Lee Bogedain,                                Case No. 06-43044-R
        Debtor.                          Chapter 12
_____/

Monroe Bank & Trust,
        Plaintiff,

v.                                                Adv. No. 06-4809

Joey Lee Bogedain,
        Defendant.
_____/

## Opinion Regarding Motion for Sanctions

Monroe Bank & Trust filed this adversary proceeding against Joey Lee Bogedain to determine dischargeability of debt under § 523(a)(2), (a)(4), and (a)(6). Monroe alleged that it had a security interest in proceeds from Bogedain's crops and that Bogedain failed to segregate or account for the proceeds.

On July 18, 2006, Bogedain filed a counterclaim against Monroe seeking $250,000 for the planting, preserving, harvesting and marketing of the crops.

On August 30, 2006, Monroe Bank & Trust filed this motion for sanctions against Bogedain and his attorney, asserting that the counterclaim had been filed for an improper purpose.

On September 25, 2006, the bankruptcy case was dismissed. Accordingly, the adversary proceeding and counterclaim were dismissed as well. However, this motion for sanctions remained pending.

The Court conducted a hearing on the motion for sanctions on October 3, 2006. Following

the hearing, the Court afforded Monroe Bank & Trust an opportunity to file a brief to address cases that Bogedain's attorney argued at the hearing.

I.

Monroe contends that the counterclaim had no basis in law and was filed by Bogedain for the purpose of harassing Monroe. In response to Bogedain's assertion that the counterclaim was filed pursuant to § 506(c), Monroe contends that this section permits a debtor to recover from property securing a claim the reasonable and necessary costs of preserving or liquidating the collateral. Monroe asserts that because Bogedain has already disposed of the collateral, there is no property from which the debtor can recover. Monroe argues that § 506(c) does not permit a debtor to recover directly from the creditor.

Bogedain asserts that the counterclaim was filed pursuant to § 506(c). Further, Bogedain contends that Monroe has been the party engaged in activities intended to harass the debtor, such as objecting to confirmation.

II.

Rule 9011(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

> extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

The imposition of sanctions under Rule 9011 is a very serious matter. Only those actions deemed to fall squarely within the purview of Rule 9011 will result in a finding that it has been violated and result in sanctions. *In re Triple S Restaurants, Inc.*, 342 B.R. 508 (Bankr. W.D. Ky. 2006). The purpose of Rule 9011 is to impose sanctions in order to deter baseless filings and thus avoid the unnecessary expenditure of resources. *In re Deville,* 280 B.R. 483, 492 (B.A.P. 9th Cir. 2002) ("Rule 9011, like its counterpart Federal Rule of Civil Procedure 11, is designed to encourage counsel (and parties) to avoid groundless filings or filings filed for improper purposes, largely through the imposition of sanctions."); *In re Kilgore*, 253 B.R. 179, 192 (Bankr. D.S.C. 2000) ("[T]he primary purpose of Fed. R. Bankr. P. 9011 is to deter future abuse of the judicial process."). Preservation of resources is even more important in the bankruptcy context due to the often limited resources of a bankruptcy estate.

A Court is given discretion in deciding whether it is appropriate to impose sanctions, and if the Rule is violated, the Court must limit the amount imposed to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2); *Arcari v. Marder*, 225 B.R. 253, 257 (D. Mass. 1998).

The Sixth Circuit set forth the standard for imposing sanctions in *In re Big Rapids Mall*

*Assocs.,* 98 F.3d 926 (6th Cir. 1996). There the court stated: "In this circuit, the test for imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Id.* at 930.

III.

Bogedain relies on 11 U.S.C. § 506(c) in support of its counterclaim. That section provides:

> (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

11 U.S.C. § 506(c).

In order for the creditor to be charged with costs and expenses under 506(c), the debtors must show that the costs and expenses were (1) reasonable, (2) necessary in preserving or disposing of the collateral, and (3) that the creditor benefitted from such costs and expenses. *In re Trim-X*, 695 F.2d 296, (7th Cir.1982).

At the hearing on the motion for sanctions, Bogedain cited to *In re Worrell*, 59 B.R. 172 (Bankr. C.D. Ill. 1986) and *In re Earley*, 65 B.R. 658 (Bankr. C.D. Ill. 1986).

In *Worrell*, the court held that the costs of harvesting, hauling, storing, and insuring crop were chargeable to the creditor under § 506(c). The court stated:

> For the purposes of § 506(c) it must be shown that the costs or expenses were expended primarily to benefit the creditor, and directly benefitted the creditor. Indirect, uncertain, or speculative benefits are not recoverable. Incidental benefits which accrue to the creditor are generally not recoverable. *In the Matter of Combined Crofts Corporation, supra.*

4

*Id.* at 175.

In *Earley*, a motion to surcharge was denied because it was the debtor, not the creditor, who benefitted from the expenses incurred.

Neither of these cases support Bogedain's claim under § 506(c). There was simply no basis upon which Bogedain could assert any benefit to Monroe as Bogedain had disposed of the collateral and had failed to account to Monroe. The Court therefore concludes that Bogedain's counterclaim was not warranted by existing law and thus was in violation of Bankruptcy Rule 9011(b)(2).

The Court has substantial experience with counsel for both parties in this case and has had an opportunity to observe the work of counsel in many other cases over many years. Based on that experience, the Court is satisfied that a sanction against Bogedain and his attorney jointly in the amount of $1,000, payable to Monroe Bank & Trust, is all that is necessary and appropriate to deter such conduct in the future. A sanction of $6,500.00, as sought by Monroe to compensate it for its attorney fees, is simply unnecessary to accomplish the deterrent function of Bankruptcy Rule 9011.

An appropriate order will be entered.

NOT FOR PUBLICATION

**Signed on January 10, 2007**

                                                      **/s/ Steven Rhodes**
                                                      **Steven Rhodes**
                                                      **Chief Bankruptcy Judge**